UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN ROMANO, | : | No. |
| In her individual | : | |
| capacity and as parent and legal guardian | : | Civil Action – Law |
| of minor child, SIERRA CARDWELL, | : | |
| d/o/b/ 7/15/90, | : | Jury Trial Demanded |
| 1649 Mine Lane Rd. | : | |
| Easton, PA 18045 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| CHRISTOPHER S. YOUNG | : | |
| Individually and in his official capacity | : | |
| as a member of the Plainfield Township Police | : | |
| Department, | : | |
| c/o Plainfield Township Police Department | : | |
| 6292 Sullivan Trail | : | |
| Nazareth, PA 18064 | : | |
| | : | |
| DEAN CERAUL | : | |
| Individually and in his official capacity | : | |
| as Chief of Police of the Plainfield Township | : | |
| Police Department, | : | |
| Plainfield Township Police Department | : | |
| 6292 Sullivan Trail | : | |
| Nazareth, PA  18064 | : | |
| | : | |
| PLAINFIELD TOWNSHIP | : | |
| 6292 Sullivan Trail | : | |
| Nazareth, PA  18064 | : | |
| | : | |
| E. BEVERLY YOUNG | : | |
| Individually and in her official capacity as | : | |
| Administrative Officer | : | |
| Municipal Police Officers Education | : | |
| and Training Commission | : | |
| 8002 Bretz Drive | : | |
| Harrisburg, PA  17112 | : | |
| | : | |

|  | : |
|--|--|
|  | : |
| MUNICIPAL POLICE OFFICERS | : |
| EDUCATION | : |
| AND TRAINING COMMISSION | : |
| 8002 Bretz Drive | : |
| Harrisburg, PA  17112 | : |
|  | : |
| ALLENTOWN POLICE ACADEMY | : |
| 2110 Park Dr. | : |
| Allentown, PA 18103 | : |
|  | : |
| Defendants. |  |

### PLAINTIFF'S COMPLAINT

AND NOW COMES the Plaintiff, Karen Romano, in her individual capacity and as parent and legal guardian of minor child, Sierra Cardwell, d.o.b. 7/15/90, by and through her legal counsel, the law firm Lauer & Sletvold P.C., and says and avers the following:

### Nature of the Case

1.     Plaintiff, Karen Romano, brings this action pursuant to 42 U.S.C. § 1983 and the common law, on her own behalf, and on behalf of her minor child, Sierra Cardwell, against the various Defendants, to recover for harm that was inflicted on both of them by former Plainfield Township police officer, Defendant, Christopher S. Young, who, in his official capacity as a police officer, engaged in repeated sexual contact with the minor, Sierra Cardwell, using his position as a police officer to yield influence over the minor for the purpose of committing statutory rape.  Once caught, he falsely denied the allegations and defamed Karen Romano by repeatedly falsely alleging that he had sexual intercourse with her.  Plaintiff also brings his action against the Chief of Police

and the township for vicarious liability, and for failing to act even after the incidents were reported. Further, Plainfield Township police officers engaged in a campaign to harass, intimidate and alarm Plaintiff and her family after Plaintiff reported the incidents. Finally, Mr. Young falsified his credentials when hired as an officer, and was not properly certified to serve as a police officer under Pennsylvania law. The remaining Defendants were the entities responsible for verifying Mr. Young's credentials, and their omissions put Mr. Young in a position to prey upon the minor child.

### Jurisdiction and Venue

2.      The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This action arises out of violations of the United States Constitution, particularly the provisions of the First, Fourth, Fifth, and Fourteenth Amendments, and under federal law, particularly, the Civil Rights Act of 1871, hereinafter referred to as ("the Act"), as amended 42 U.S.C. §§1983, 1985 and 1988, as well as the common law.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### Parties

4.      Plaintiff, Karen Romano, is an adult individual, is the mother and legal guardian of the minor, Sierra Cardwell, and resides at 1649 Mine Lane Rd. Easton, Pennsylvania, 18045.

5.      The minor, Sierra Cardwell, was born on July 15, 1990.

6.      Defendant, Christopher S. Young, ("Young") is an adult individual, with an address that is unknown to Plaintiffs, but at all relevant times he was employed as a police officer with the Plainfield Township Police, c/o Plainfield Township Police Department  6292 Sullivan Trail, Nazareth, PA 18064.

7.      At all relevant times, Defendant Young acted in his individual capacity, and in his capacity as a sworn officer in the Plainfield Township Police Department, and was entrusted with the power to enforce the laws of this Commonwealth, and of Plainfield Township.

8.      Defendant Young was entrusted to protect the Constitutional rights of those he encountered and at all times relevant hereto was acting within the scope of his duties and authority, under color of title of state or municipal law or ordinance and was supervised or controlled by one or more of the other Defendants herein, or acted independently or in concert with one or more of the other Defendants in the performance or conduct of his actions.

9.      Defendant Dean Ceraul, ("Ceraul") is an adult individual with a business address of  6292 Sullivan Trail, Nazareth, PA  18064.

10.      At all relevant times,  Defendant Ceraul was Police Chief and serving in his capacity as a sworn officer in the Plainfield Township Police Department, and was entrusted with the power to enforce the laws of this Commonwealth, and of Plainfield Township.

11.      At all relevant times, Defendant Ceraul was entrusted to protect and oversee, in a supervisory capacity, all police activities, to develop policy, implement policy, implement discipline for violations of policy, and was also the ultimate authority

4

within Plainfield Township Police Department for assignment of personnel, and was entrusted to protect the Constitutional rights of those he and his police personnel encountered, and at all times relevant hereto, was acting within the scope of his duties and authority, under color of title of state or municipal public law or ordinance, and supervised or controlled one or more of the Defendants herein in their conduct or actions, or acted independently or in concert with them in the performance of their conduct or actions.

12.   Defendant, Plainfield Township, ("Township") is a governmental entity within the Commonwealth of Pennsylvania, with a business address of 6292 Sullivan Trail  Nazareth, PA,18064.

13.     The Township is empowered to establish, regulate, and control its Police Department for enforcement of laws within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the Defendant Township.

14.     Defendant, Municipal Police Officers Education and Training Commission ("MPOETC"), is a governmental entity within the Commonwealth of Pennsylvania, with a principal place of business at 8002 Bretz Drive, Harrisburg, Pennsylvania, 17112.  MPOETC certifies police officers within the Commonwealth of Pennsylvania and sets minimum standards for officer training and education, and is responsible for administering background checks on individuals in order to determine their suitability for employment as a police officer.

15.     Defendant, E. Beverly Young, is an adult individual, and at all relevant times, was serving in her official capacity as Administrative Officer of ("MPOETC"),

and was entrusted with the power to enforce the laws of this Commonwealth and of the municipalities within the Commonwealth.

16.     Defendant, Allentown Police Academy ("the Academy") is a police training facility with a principal place of business at 2110 Park Dr., Allentown, Pennsylvania, 18103.

17.     Various municipalities throughout the Commonwealth of Pennsylvania, including Defendant, Plainfield Township, send officers and recruits for training at the Academy because the Academy offers the Pennsylvania Municipal Officers' Education and Training Commission's Act 120 Basic Recruit Training Program, which is a prerequisite to employment as a police officer in the Commonwealth of Pennsylvania.

18.     The Academy also provides background check information to various municipalities, including Defendant, Plainfield Township, regarding officers and recruits.

### Facts Giving Rise To Liability

19.     At all relevant times, Defendant, Christopher Young, was employed as a Plainfield Township police officer and was a neighbor of  Plaintiff, Karen Romano, and the minor, Sierra Cardwell.

20.     Defendant, Christopher Young, used his position of authority as a police officer to get near Miss Cardwell and gain her trust.

21.     Commencing on or about May 2005, Defendant Cardwell engaged in sexually suggestive conversations with the minor, Sierra Cardwell, telling her in explicit terms the sexual acts that he wished to perform on her.

22.     Thereafter, Defendant,  Christopher Young, began touching the minor, Sierra Cardwell, in a sexually inappropriate manner.  He forced her to perform oral sex

6

on him and engaged in intercourse with her at various times and locations, including his car, commencing on our about June 2005 and continuing for an approximate four month period.

23.     Defendant, Christopher Young, would contact Sierra Cardwell by cell phone, often in the middle of the night, while he was on duty in his official capacity as a police officer, to issue her instructions on when and where to meet him so that he could sexually molest her.

24.     Defendant, Christopher Young, used his position of power as a Plainfield Township police officer, and preyed upon the minor's tender age and vulnerability, in order to commit sex crimes against, Sierra Cardwell, who was a minor and was not legally capable of consenting to any sex acts with an adult male police officer. Christopher Young's sex crimes against Ms. Cardwell included felony statutory sexual assault, an offense to which he pleaded guilty in the Court of Common Pleas of Northampton County on or about March 5, 2007.

25.     Eventually, Plaintiff discovered Christopher Young's abuse of the minor child.

26.     Plaintiff reported the matter to Christopher Young's supervisor, the Chief of Plainfield Township Police, Defendant, Dean Ceraul.

27.     Defendant Ceraul engaged in a cover-up of Christopher Young's activities, sex acts and sex crimes.

28.     Upon information and belief, Defendant Ceraul did not even investigate the matter, instead, he accepted as true Defendant Christopher Young's false denials that the incidents took place.

29.    After Plaintiff reported the incidents to Defendant Ceraul, Plaintiff frequently observed uniformed Plainfield Township officers parked in their patrol vehicles outside her home in Pen Argyl, Pennsylvania, which is outside the jurisdiction of Plainfield Township.

30.    There was no legitimate reason for Plainfield Township officers to be present outside the home of Plaintiff, Karen Romano and the minor child, Sierra Cardwell. Their intent was to intimidate, threaten, harass and alarm Plaintiff and the minor child, and retaliate against them for making a report against a Plainfield Township police officer, Christopher Young.

31.    Further, after Plaintiff reported the incidents between Defendant, Christopher Young and the minor child to Plainfield Township, on several occasions, Plainfield Township police officers followed Plaintiff, Karen Romano in her vehicle and pulled her over when she was within their jurisdiction, with no legal or factual basis to effectuate or justify a vehicle stop.

32.    There was no legitimate reason for these stops.  Their intent and purpose was to intimidate, threaten, harass and alarm Plaintiff and the minor child, and retaliate against them for making a report against a Plainfield Township police officer, Christopher Young.

33.    Eventually, the Pennsylvania State Police, in conjunction with the Northampton County District  Attorney's Office, conducted an investigation.

34.    During the course of the investigation, Defendant, Christopher Young's semen was found on the minor child's underpants.

35.     Defendant Christopher Young falsely denied the accusations against him, and instead, defamed and maligned the Plaintiff, Karen Romano by falsely informing Defendant Ceraul that Defendant Christopher Young had sex with Karen Romano, and not the minor, Sierra Cardwell, which Defendant Ceraul believed.

36.     Defendant Christopher Young knowingly, maliciously, and falsely claimed that his semen was found on the minor child's underwear because, according to him, the Plaintiff, Karen Romano, and the minor child commingled or shared undergarments, which assertion Defendant Young knew to be untrue.

37.     Defendant Ceraul failed to take any action to protect either the minor child or the Plaintiff, Karen Romano, and failed to take any action to assist them or to prevent or limit the sexual attacks against the minor child, or to prevent or stop the harassment of Plaintiff, Karen Romano, and the minor child by Plainfield Township police after the incidents were reported.

38.     Instead, Defendant Ceraul's and Plainfield Township's policy and/or custom was to cover-up, and not expose, the wrongful acts of its employee, Defendant Christopher Young.

39.     Defendants Ceraul and the Township failed to preclude, prevent, or restrain Defendant Christopher Young from depriving the minor, Sierra Cardwell of her constitutional rights, even after his egregious and criminal conduct had been reported to them.

40.     It was Plainfield Township's policy and/or custom to intimidate, threaten, harass, alarm, retaliate against and unlawfully restrain Plaintiff for reporting the incidents.

41.     At the time that he was hired as a Plainfield Township Police Officer in 2002, Defendant Christopher Young lied about his qualifications during the application process.

42.     Specifically, he falsely indicated that he had worked for the Lebanon Police Department in Hunterdon County, Pennsylvania for two years and underwent more than 540 hours of training at the Ocean County, New Jersey Police Academy from 1999-2000.

43.  Based upon those false assertions, the Plainfield Township Police Department asked MPOETC to grant Defendant, Christopher Young, a waiver to avoid additional training in Pennsylvania.

44.     MPOETC granted the waiver as requested.

45.     In fact, Defendant, Christopher Young, was not certified from any state to serve as a regular police officer, only as a special law enforcement officer – Class 1, which means that he lacked powers to arrest and to carry a firearm.

46.     Defendant, Christopher Young, never attended the Ocean County, New Jersey Police Academy's basic course, and as such, he was not certified from the State of New Jersey, nor any state including the Commonwealth of Pennsylvania, to serve as a police officer in any jurisdiction.

47.     Defendants E. Beverly Young, MPOETC, and the Academy were all responsible to provide the Township with background information on Defendant, Christopher Young on or about the time of hire, including verifying whether he possessed the proper training and certification under Pennsylvania law to be employed as a Plainfield Township Police Officer.

48.     The decisions and actions of all of the Defendants and their agents, servants, employees and/or assigns acting in their official capacity, and acting directly as government decision makers, reflected and represented the policies and procedures of the Defendants.

49.     As a direct and proximate result of Defendants' actions, by and through their agents, servants, employees and/or assigns, the minor, Sierra Cardwell was deprived of her constitutional rights and has suffered serious physical and mental injury.

50.     As a result of the acts and omissions of Defendants, the minor child, Sierra Cardwell, has suffered, is suffering and will continue to suffer physical injury, extreme emotional anguish and distress, frustration, sleeplessness, anxiety, depression, degradation, and loss of self esteem.

51.     Defendants' acts and omissions, by and through their agents, servants, employees and/or assigns were willful, wanton, reckless, negligent and in complete disregard for the rights of the Plaintiff, Karen Romano, and of the minor, Sierra Cardwell.

52.     As a direct and proximate result of the acts and omissions of Defendants, by and through their agents, servants, employees and/or assigns, the minor, Sierra Cardwell, has suffered the following injuries and damages;

    (a)    violation of her constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

    (b)    physical pain and suffering and emotional trauma and suffering;

    (c )    economic loss, medical bills, and loss of future earnings;

    (d)    she was forced to drop out of school and begin a program of private study at home with a tutor.

53.     The actions of Defendants violated the following clearly established and well settled federal constitutional rights of the Plaintiff, Karen Romano, individually, as well as those of the minor, Sierra Cardwell.

**Count-I**
**42 U.S.C. § 1983**
**Karen Romano as parent and legal guardian of the minor, Sierra Cardwell, vs.**
**Christopher S. Young, Dean Ceraul, and Plainfield Township**

54.     Plaintiff incorporates all prior paragraphs as if fully set forth herein.

55.     Defendants' acts and omissions constituted deliberate indifference and violated the minor, Sierra Cardwell's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by, *inter alia:*

> a) in the unlawful sexual assault and battery of the minor, Sierra Cardwell at the hands of Defendant Christopher Young, who abused his official position as a police officer to get close to her and repeatedly sexually abuse her;
>
> b) in the intentional and/or negligent infliction of emotional distress upon Sierra Cardwell;
>
> c) in the development, implementation, and carrying out of a policy, practice or procedure designed to allow sexual assaults on innocent citizens, and deprivation of constitutional rights of citizens;
>
> d) in the failure of Defendants to preclude, prevent or restrain Defendant Christopher Young from effecting such deprivation of constitutional rights;
>
> e) in the development, implementation, and the carrying out of a policy which posed a threat to the law-abiding citizens, by the negligent hiring

and retention of personnel and the negligent assignment of certain personnel to high risk duties that would result in the likelihood of injury to innocent citizens and others through contact with police personnel;

f) in deliberately failing to train, or continue the training of, all of the Defendants in order to avoid injury to innocent citizens and others through contact with police personnel;

g) in failing to properly train, supervise, monitor, and control the actions of all of the Defendants, so that the proper policy, practice, procedure, or custom could be accomplished safely and without injury to innocent citizens and others through contact with police personnel;

h) in failing to oversee, monitor, control, curtail, or restrain the actions of the individual Defendant, Christopher Young, in carrying out such operations when Defendants knew, or should have known, from prior acts of misconduct by the individual Defendant Young, that there was a likelihood of physical and psychological injury and that the deprivation of the constitutional rights of innocent citizens would be substantial;

i) in intimidating, harassing, terrifying, and retaliating against the minor child for reporting the incident, including having uniformed and armed officers sit in front of her home in marked police vehicles, outside of their jurisdiction, with no legal or factual basis to be present at her residence, while the minor child was home, as part of a campaign to instill fear in the minor child.

56.     Defendants' conduct was a deprivation, under color of state law, of rights guaranteed to the minor, Sierra Cardwell under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57.     Defendants' acts and omissions are egregious and shock the conscience.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**Count-II**
**42 U.S.C. § 1983**
**Karen Romano individually vs. Christopher S. Young, Dean Ceraul, and Plainfield Township**

58.     Plaintiff incorporates all prior paragraphs as if fully set forth herein.

59.     Defendants' acts and omissions constituted deliberate indifference and violated Plaintiff, Karen Romano's rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by, *inter alia:*

a)  in intimidating, harassing, terrifying, and retaliating against the Plaintiff for reporting the incident, including having uniformed and armed officers sit in front of her home in marked police vehicles, outside of their jurisdiction, with no legal or factual basis to be present at her residence, and effectuating traffic stops of her vehicle with no legal or factual basis or probable cause,  as part of a campaign to instill fear in the Plaintiff;

b) in the unlawful detention of the Plaintiff at the aforementioned traffic stops;

c) in the development, implementation, and carrying out of a policy, practice or procedure designed to intimidate, harass, terrify, malign, and retaliate against the Plaintiff, designed to allow unlawful detentions of innocent citizens, and deprivation of constitutional rights of citizens by unlawful detention.

60.    Defendants' conduct was a deprivation, under color of state law, of rights guaranteed to Plaintiff, Karen Romano under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

59.    Defendants' acts and omissions are egregious and shock the conscience.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants,  jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**Count-III**
**Negligence**
**Karen Romano as parent and legal guardian of the minor, Sierra Cardwell, vs. E. Beverly Young, MPOETC, and Allentown Police Academy**

61.    Plaintiff incorporates all prior paragraphs as if fully set forth herein.

62. Defendants were charged with ensuring that Plainfield Township hired and retained only those individuals with appropriate backgrounds and qualifications, including verifying whether Defendant Christopher Young possessed the proper training and certification under Pennsylvania law to be employed as a Plainfield Township Police Officer.

63. Defendants failed to inform the Township that Defendant Christopher Young was not properly qualified under Pennsylvania law to serve as a township police officer.

64. Defendants owed a duty to Sierra Cardwell that duty included the following:

a) To properly screen township police officers prior to hiring;

b) To implement and enforce procedures to prevent improper sexual assaults upon citizens at the hands of township officers;

c) To assist the Township to hire and/or retain only competent, conscientious and certified officers;

65. Defendants breached those duties.

66. Defendants' breaches of duties demonstrated a reckless and conscious indifference toward the rights and safety of the minor, Sierra Cardwell.

67. Defendants knew or should have known of, an excessive risk to Sierra Cardwell's health and safety, and Defendants disregarded these risks.

68. The negligent acts and omissions of Defendants, by and through their agents, servants, workers, employees and/or assigns was the direct and proximate cause of harm to the minor, Sierra Cardwell.

69.    As a result of Defendants' negligence, Sierra Cardwell has suffered and will continue to suffer from physical injuries, mental and emotional anguish, humiliation, and has incurred economic loss, medical bills, and loss of future earnings.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory damages allowable under this cause of action and punitive damages in an amount sufficient to punish Defendants in order to deter Defendants from engaging in such outrageous conduct in the future.

<u>**Count-IV**</u>
<u>**Intentional Infliction of Emotional Distress**</u>
<u>**Karen Romano as parent and legal guardian of the minor, Sierra Cardwell, vs.**</u>
<u>**Christopher S. Young, Dean Ceraul, and Plainfield Township**</u>

70.    Plaintiff incorporates all prior paragraphs as if fully set forth herein.

71.    As a direct and proximate result of the extreme, outrageous, and reckless conduct of the Defendants, in the scope of their employment, or independently, or acting by and through their agents, servant, employees, assigns or representatives, Sierra Cardwell has suffered and continues to suffer from severe emotional distress, mental anguish, bodily harm, psychological trauma, shame, humiliation, fright, horror, grief, anger, disappointment, worry, and psychic pain and suffering, and has instilled in her mind an immediate and permanent sense of fear and trepidation, and the conduct, acts, and omissions surpass all bounds of decency universally recognized in a civilized society.

72.    As a direct and proximate result of the extreme, outrageous, and reckless conduct of the Defendants, in the scope of their employment, or independently, or acting by and through their agents, servant, employees, assigns or representatives, Sierra

Cardwell has been harmed financially, including incurring medical expenses, and loss of future earning capacity.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory damages allowable under this cause of action and punitive damages in an amount sufficient to punish Defendants in order to deter Defendants from engaging in such outrageous conduct in the future.

### Count-V
### Assault and Battery
### Karen Romano as parent and legal guardian of the minor, Sierra Cardwell, vs. Christopher S. Young, Dean Ceraul, and Plainfield Township

73.     Plaintiff incorporates all prior paragraphs as if fully set forth herein.

74.     Defendant Christopher Young did unlawfully sexually assault the minor, Sierra Cardwell, while the latter was an innocent minor, incapable of consenting to such acts.

75.     Defendants Ceraul and the Township precipitated the assaults on the minor by condoning, accepting, tolerating, covering-up, failing to prevent or stop, and/or encouraging the illegal actions of Defendant Christopher Young.

76.     The unlawful conduct of Defendants would shock the conscious of a reasonable person.

76.     As a direct and proximate result of the acts and omissions of Defendants in developing, implementing, and carrying out, failing to prevent or stop the assaults and

batteries on the minor child, Sierra Cardwell has suffered injuries, damages, and/or losses including, but not limited to:

      a) loss of the use, benefit and enjoyment of life;

      b) physical and mental pain and suffering, anguish, and embarrassment and humiliation;

      c) physical injuries;

      d) post-traumatic stress syndrome;

      e) loss of future earning capacity;

      f) severe emotional distress;

      g) medical expenses;

      h) disruption to her education and costs of private tutoring at home.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory damages allowable under this cause of action and punitive damages in an amount sufficient to punish Defendants in order to deter Defendants from engaging in such outrageous conduct in the future.

**Count-VI**
**Negligent Infliction of Emotional Distress**
**Karen Romano as parent and legal guardian of the minor, Sierra Cardwell, vs.**
**Christopher S. Young, Dean Ceraul, and Plainfield Township**

78.    Plaintiff incorporates all prior paragraphs as if fully set forth herein.

79.    As a direct and proximate result of the negligent acts and omissions of the Defendants, in the scope of their employment, or independently, or acting by and through

their agents, servant, employees, assigns or representatives, Sierra Cardwell has suffered

and continues to suffer from severe emotional distress, mental anguish, bodily harm,

psychological trauma, shame, humiliation, fright, horror, grief, anger, disappointment,

worry, and psychic pain and suffering, and has instilled in her mind an immediate and

permanent sense of fear and trepidation, and the conduct, acts, and omissions surpass all

bounds of decency universally recognized in a civilize society.

80.     As a direct and proximate result of the negligent acts and omissions of the

Defendants, in the scope of their employment, or independently, or acting by and through

their agents, servant, employees, assigns or representatives, Sierra Cardwell has been

harmed financially, including incurring medical expenses, and loss of future earning

capacity.

WHEREFORE, Plaintiff demands judgment in her favor and against the

Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration

in the United States District Court for the Eastern District of Pennsylvania, for all

compensatory damages allowable under this cause of action and punitive damages in an

amount sufficient to punish Defendants in order to deter Defendants from engaging in

such outrageous conduct in the future.


**Count-VII**
**Defamation**
**Karen Romano individually vs.**
**Christopher S. Young, Dean Ceraul, and Plainfield Township**


81.     Plaintiff incorporates all prior paragraphs as if fully set forth herein.

81.    After Plaintiff, Karen Romano, reported the sexual assault of her daughter, Sierra Cardwell, at the hands of Defendant Christopher Young, Defendant Christopher Young falsely and maliciously represented to police that he had sexual intercourse with Plaintiff, Karen Romano, and continues to make that false assertion up to and including the present time.

83.    The above described false, libelous, slanderous and defamatory communications of and concerning Plaintiff are false and were made without foundation or factual basis.

84.    Defendants, Ceraul and the Township, acting and/or failing to act individually, and/or by and through their respective agents, workers, servants, employees and/or representatives who were functioning and acting within the scope and course of their agency, employment and/or representative capacity,  published and repeated the defamatory statements of and concerning  Plaintiff to others for the purpose of embarrassing Plaintiff.

85.    Defendants made and published the false and defamatory communications of and concerning Plaintiff without privilege, justification, or cause.

86.    Defendants made and published the above false defamatory communications out of ill-will and improper motive, with knowledge of their falsity and in reckless disregard for the truth.

87.    The false and defamatory communications described above and attached hereto served to disparage Plaintiff's good name, credit and reputation, all of which brought Plaintiffs into public ridicule and disgrace.

88.    The publications were intended by Defendants to convey, and did in fact convey to others, either expressly or by implication, that the Plaintiff conducted herself in an improper manner and committed adultery.

89.    As a direct and proximate result of the false and defamatory publications, Plaintiff has suffered and will continue to suffer harm to her personal and professional reputations.

90.    As a direct and proximate result of the conduct of the Defendants, Plaintiff has been greatly injured as to her good name and reputation in both her private and professional communities, all of which has been, and will continue to be, to her great financial loss and detriment.

91.    As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered severe emotional distress, pain, anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory damages allowable under this cause of action and punitive damages in an amount sufficient to punish Defendants in order to deter Defendants from engaging in such outrageous conduct in the future.

**Count VIII**
**False Light / Invasion Of Privacy**
**Karen Romano individually vs.**
**Christopher S. Young, Dean Ceraul, and Plainfield Township**

92.    Plaintiff incorporates all prior paragraphs as if fully set forth herein.

93.     Defendants, acting and/or failing to act individually, and/or by and through their respective agents, workers, servants, employees and/or representatives who were functioning and acting within the scope and course of their agency, employment and/or representative capacity, published and communicated false and defamatory statements concerning Plaintiff, all of which have been more fully described herein, which created a highly offensive, objectionable and false public impression of Plaintiff, and placed her in a false light in the public eye.

94.     Defendants' false portrayal of Plaintiff was highly offensive to Plaintiff and would be highly offensive to a reasonable person and was done with knowledge of the falsity of the matter and/or in reckless disregard of whether it was true or false.

95.     In publicizing false communications about Plaintiff, Defendants acted and/or failed to act without justification, privilege or cause.

96.     As a direct and proximate result of the invasion of Plaintiff's privacy by Defendants placing her in a false light, Plaintiff has suffered and will continue to suffer great mental distress, stress humiliation and embarrassment.

97.     As a direct and proximate result of the invasion of Plaintiff's privacy by Defendants placing her in a false light, Plaintiff has suffered and will continue to suffer from harm to her interest in privacy.

        WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit for arbitration in the United States District Court for the Eastern District of Pennsylvania, for all compensatory damages allowable under this cause of action and punitive damages in an

amount sufficient to punish Defendants in order to deter Defendants from engaging in such outrageous conduct in the future.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully request that this Court:

a)      Enter judgment on behalf of the Plaintiff with respect to all counts of the Complaint;

(b)      Award Plaintiff damages and compensation including compensatory damages for the pain and suffering of the minor, Sierra Cardwell, for severe personal injuries sustained by her, lost future earnings, and past present and future medical expenses together with interest and costs provided by law;

(c)      Award Plaintiff punitive and/or exemplary damages for the wanton, willful and reckless acts of Defendants, who demonstrated a complete disregard and reckless indifference for the safety and welfare of the minor, Sierra Cardwell, in an amount to punish Defendants and deter future similar conduct;

(d)      Award Plaintiff damages and compensation including compensatory damages for the caused of action asserted by her individually, punitive and/or exemplary damages for the wanton, willful and reckless acts of Defendants, in an amount to punish Defendants and deter future similar conduct;

(e)      Award Plaintiff the costs of these proceedings including attorneys fees as permitted under federal statute as pleaded in this complaint;

(f)      Award such other and further relief as this Court deems just and proper.

_____

Jennifer R. Sletvold, Esq.
Philip D. Lauer, Esq.
LAUER & SLETVOLD, P.C.
701 Washington Street
Easton, PA 18042
Attorney ID Nos. 80885/07935

Attorneys for the Plaintiff